# UNITED STATES DISTRICT COURT

for the

### Southern District of Illinois

MONTGOMERY CARL AKERS,                              )        22-2469-JPG
_____ Plaintiff,          )    Case Number: _____
_____                     )              *(Clerk's Office will provide)*
_____                     )
_____                     )
*Plaintiff(s)/Petitioner(s)*                         )
                              v.                     )    ☐ CIVIL RIGHTS COMPLAINT
                                                     )    pursuant to 42 U.S.C. §1983 (State Prisoner)
DAN SPROUL, AW-MCCAFFERY,                            )    ☒ CIVIL RIGHTS COMPLAINT
AW-G. SOZA, CAPTAIN M. MOREHEAD, NATHAN              )    pursuant to 28 U.S.C. §1331 (Federal Prisoner)
SIMPKINS, KATHY S. HILL, ALL PERSONNEL OF           )    ☐ CIVIL COMPLAINT
THE COUNTER TERRORISM UNIT OF THE FBOP              )    pursuant to the Federal Tort Claims Act, 28 U.S.C.
EMPLOYED IN THIS UNIT BEGINNING IN NOVEMBER          )    §§1346, 2671-2680, or other law
29, 2010, J. YATES, DOES 1-50, Defendants.
KATHERINE N. SIEREVELD,      *Defendant(s)/Respondent(s)*

## I.    JURISDICTION

### Plaintiff:

A.    Plaintiff's mailing address, register number, and present place of confinement.

#02866-081, P.O. BOX 1000, MARION, IL   62959

### Defendant #1:

B.    Defendant ___DAN SPROUL_____ is employed as
                     (a)        (Name of First Defendant)

_____WARDEN_____
                     (b)        (Position/Title)

with _____FEDERAL BUREAU OF PRISONS_____
                     (c)        (Employer's Name and Address)

P.O. BOX 2000, MARION, IL   62959

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?    ☒ Yes    ☐ No

If your answer is YES, briefly explain:

Dan Sproul is the Warden of the United States Penitentiary, Marion, IL   62959

Rev. 10/3/19

14. You have a continuing obligation to keep the Court and each opposing party informed of any change in your address. The Court will not independently investigate your whereabouts. You must notify the Court in writing of your new address within 7 days after a transfer or other change in address occurs. Failure to do so may result in dismissal of your case.

15. Self-representation carries certain responsibilities and risks that a *pro se* litigant should know before proceeding. The court encourages all individuals who are thinking about self-representation to carefully review the risks associated with self-representation and to be aware of the potential consequences. Rule 11 of the Federal Rules of Civil Procedure prohibits the filing of lawsuits that are clearly frivolous or filed merely to harass someone. If, after reviewing your complaint, a judge determines that you have filed a lawsuit for an improper or clearly unnecessary purpose, it may impose sanctions against you, including ordering you to pay a fine to the court or to pay the legal fees of the person or persons against whom you filed the lawsuit. The court has a form motion with which you may request appointment of counsel. If you wish to file such a motion, you may request the appropriate form from the clerk's office. Ordinarily, the court will not consider your motion until after you have filed your complaint and permission to proceed without prepaying fees or costs has been granted. Bear in mind that there is no right to counsel in a civil case, and motions to appoint counsel are not automatically granted.

16. When your complaint is complete, submit it to prison library staff (if you are at an institution that participates in the electronic filing program) or mail the original and any supporting exhibits (and an extra copy if you want a file-stamped copy returned to you), along with the $402.00 filing fee or a motion to proceed *in forma pauperis*, to either:

Clerk of the Court
United States District Court
Southern District of Illinois
301 West Main Street
Benton, IL 62812

Clerk of the Court
United States District Court
Southern District of Illinois
750 Missouri Avenue
East St. Louis, IL 62201

Page 4 of 4

**Defendant #2:**

C.    Defendant ___A. MC CAFFERY_____is employed as

(Name of Second Defendant)

ASSOCIATE WARDEN

(Position/Title)

with __FEDERAL BUREAU OF PRISONS_____

(Employer's Name and Address)

P.O. BOX 2000, MARION, IL  62959

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?    ☒ Yes    ☐ No

If you answer is YES, briefly explain:
MCCAFFERY IS AN ASSOCIATE WARDEN AT THE UNITED STATES PENIT-
ENTIARY, MARION, ILLINOIS, 62959

**Additional Defendant(s) (if any):**

D.    Using the outline set forth above, identify any additional Defendant(s).

G. SOZA, ASSOCIATE WARDEN, FEDERAL BUREAU OF PRISONS, ADDRESS:same as above. SOZA was/is employed by the federal government at all times material to this complaint.

M. MOREHEAD, CAPTAIN, FEDERAL BUREAU OF PRISONS, ADDRESS:  SAME AS ABOVE. MOREHEAD was/is employed as a correctional CAPTAIN at all times material to this complaint by the federal government.

NATHAN SIMPKINS, CASE MANAGER, FEDERAL BUREAU OF PRISONS, ADDRESS:  same as above. SIMPKINS was/is employed by the federal government at all times material to this complaint.

KATHY S. HILL, INTELLIGENCE RESEARCH SPECIALIST, FEDERAL COUNTER TERRORISM UNIT, ADDRESS:  SAME AS ABOVE.  HILL was/is employed by the federal government as an INTELLIGENCE RESEARCH SPECIALIST assigned to the counter terrorism unit of the DOJ.

ALL PERSONNEL OF THE COUNTER TERRORISM UNIT OF THE DOJ/FBOP FROM NOVEMBER 29, 2010 UNTIL THE PRESENT DAY.  ADDRESS:  SAME AS ABOVE/796 Foxcroft Avenue, #201, MARTINSBURG, WV 25401  SAID EMPLOYEES WERE/ARE EMPLOYED BY THE FEDERAL GOVERNMENT at all times material to this complaint.

Rev. 10/3/19

## II.   PREVIOUS LAWSUITS

A.   Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?   ☒Yes ☐No

B.   If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. **List ALL lawsuits in any jurisdiction and indicate the court where they were filed to the best of your ability**, including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)). FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1.   Parties to previous lawsuits:
Plaintiff(s):  PRESNETLY,   I do not have the information available to me to supply to this court all the locations, names, case numbers, for  the over 150 lawsuits I have filed in over 13 states in both state and federal court.  All my legal work was taken from my cell on July 20, 2022, by defendants in this matter.  Therefore, i don't have the necessary information to file in this court proceeding at this time.

Defendant(s):
The same defendants for the most part in this proceeding.

2.   Court (if federal court, name of the district; if state court, name of the county): UNITED STATES DISTRICT COURT IN:  California, Colorado, Kansas, Illinois, New Mexico, Montana, Nevada, New Hampshire, Maine, New York, Florida, Utah.

????   3.   Docket number:

4.   Name of Judge to whom case was assigned:
??????

5.   Type of case (for example: Was it a habeas corpus or civil rights action?):
CIVIL RIGHTS.

6.   Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?):
APPEALED, PENDING, DISMISSED.

Rev. 10/3/19

ADDITIONAL DEFENDANT/CONTINUED:

J. YATES, CORRECTIONAL OFFICER, FEDERAL BUREAU OF PRISONS, ADDRESS:  same as above.  YATES was/is employed by the federal government at all times material to this complaint.

DOES 1-50:  THESE DEFENDANTS WERE/are employed with the Federal Bureau of Prisons and/or with the Counter Terrorism Unit of the DOJ/FBOP at the United States Penitentiary, Marion, Illinois, or other Federal Bureau of Prisons facilities in the United States.  The DOES 1-50 defendants can also be "contract employees of the DOJ/FBOP whos names and identities are not presently discovered/discoverable by the Plaintiff at this time.  The DOES 1-50 defendants can/will be former DOJ/FBOP employees who acts and actions are part of the ongoing violations conduct in this complaint.

KATHERINE N. SIEREVELD, LEGAL ADVISOR, FEDERAL BUREAU OF PRISONS, ADDRESS: 320 FIRST STREET-NW, U.S. DEPARTMENT OF JUSTICE, WASHINGTON, D.C.  20543 Siereveld was/is employed by the federal government at all times material to this complaint.

7. Approximate date of filing lawsuit:

?????

8. Approximate date of disposition:

????????

9. Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?"

Yes. In the United States District Courts in Colorado, Kansas, Washington, D.C..

III. **GRIEVANCE PROCEDURE**

A. Is there a prisoner grievance procedure in the institution? ☒ Yes   ☐ No

B. Did you present the facts relating to your complaint in the prisoner grievance procedure?                                         ☒ Yes   ☐ No

C. If your answer is YES,
1. What steps did you take?

I took all steps to exhaust my administrative remedies within the FBOP.

2. What was the result?
DENIED. In some cases case manager–SIMPKINS and other staff interferred with my ability to exhaust my administrative remedies.

D. If your answer is NO, explain why not.

N/A

E. If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?                              ☐ Yes   ☐ No

N/A

F. If your answer is YES,
1. What steps did you take?

N/A

Rev. 10/3/19

2.      What was the result?

*N/A*

G.      If your answer is NO, explain why not.

*N/A*

H.      Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not:

They are not available for me to supply to this court at this time.

Rev. 10/3/19

## IV.    STATEMENT OF CLAIM

A.    State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments or citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

Beginning in November 29, 2010, I was placed in a program designed for convicted terrorists. The rationale for placing me(classifying me)to what's known as the "COMMUNICATION MANAGEMENT UNIT" had to do with members of the FBOP and members of the U.S. Department of Justice fabricating information to classify me as a "terrorist." I was placed in a clandestine program(not approved by the Congress of the United States) where I have been subjected to psychological and physical torture against the laws and practices of the United States. I was convicted by plea in the United States District Court, Distroct of Kansas, case no. 04-20089-KHV-1, United States v. Montgomery Carl Akers, of writing an insufficient funds check. Somehow, someway, I was said by the Kansas Court and the BOP to have been convicted of WIRE FRAUD( 1-count of 18 U.S.C. S. 1343). Somehow, someway, in November, 2010, I was reclassified and resentenced by my court of conviction as to crimes involving terrorism. I have never been charged with a violent crime in my life, much less terrorism. I was then secrety sentenced to conditions of confinement that involve psychological torture and renditions. Since I have been in the [CMU PROGRAM] staff of the COUNTER TERRORISM UNIT have since taken over my custody from the Attorney General of the United States and the Federal Bureau of Prisons. In so doing an agenda was implemented to first destroy all my community contacts. This was done my members of the COUNTER TERRORISM UNIT(hereafter referred to as "CTU")contacting my family, friends, associates, lawyers, clerks of the courts, ANYBODY I HAD ANY COMMUNICATIONS WITH and claim that, first, I am a TERRORIST INVOLVED IN ONGOING TERRORIST AND CRIMINAL ACTIVITIES. Second, they claim i am "under investigation" presently for crimes of which the CTU is the investigating agency on. Third, they enlist the cooperation of the contacts to not assist me in any ways. . .OR. . .THEY WILL END UP IN JAIL RIGHT NEXT TO ME... The defendants, and each of them, listed in this complaint, have had firsthand conspiratorial agreements to undertake jointly undertaken activities in said regard. Specifically, the Defendants: SPROUL, MCCAFFERY, SOZA, SIEREVELD, HILL, MOREHEAD, SIMPKINS, AND ALL OTHER PERSONNEL LISTED IN THE CAPTION OF THIS COMPLAINT have, as an ongoing matter, contacted my contacts in the community and undertaken said conduct described above. Within the physical plant of the Marion USP itself, the defendants, and each of them, have undertaken acts and actions of implementing and carrying out acts of psychological, physical, torture upon the Plaintiff. These acts consist of: denying medical attention, dental attention, fabricating bogus incident reports upon the Plaintiff to keep him in the CMU unit, stealing his mail, both incoming and outgoing. Telling him that "nobody is writing to you or emailing you" in the community; when, in fact, staff/defendants, and each of them listed in this complaint, are a party to stealing and witholding mail and emails to cause psychological and emotional stress. As recently as October 05, 2022, the defendants, and each of them, conspired to have the Plaintiff seriously injured or killed. In this regard defendant-J. YATES AND M. MOREHEAD were/are Rev. 10/3/19 involved in trying to orchestrate a rape of the Plaintiff and having his eyes put out when he was asleep. This all came from the direction of YATES' BUDDIES at the CTU. Each and every defendant listed in this complaint were a

V.    REQUEST FOR RELIEF

State exactly what you want this court to do for you.  If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255.  Copies of these forms are available from the clerk's office.

AS TO ALL DEFENDANTS AND EACH OF THEM:  $10,000,000 (US)dollars in compensatory damages; SPECIAL DAMAGES FOR WILFULL AND WANTON INFLICTION OF MENTAL, EMOTIONAL AND PSYCHOLOGICAL TORTURE UPON THE PLAINTIFF WHICH DAMAGES ARE YET TO BE DETERMINED IN THE AM OUNT OF $5,000,000 per defendant; INJUNCTIVE RELIEF AGAINST ALL OF THE DEFENDANTS, DOES 1-50,AS TO CONTACTING PLAINTIFFS' ASSOCIATIONS IN THE COMMUNITY, BOTH PERSONAL AND PROFESSIONAL, INTERFERRING WITH HIS RELATIONS CLAIMING HE IS A TERRORIST.  INJUNCTIVE RELIEF AGAINST THE PROGRAM OF THE CTU WHICH UTILIZES PSYCHOLOGICAL, PHYSICAL, TORTURE AGAINST THE LAWS OF THE UNITED STATES.  FOR INJUNCTIVE RELIEF AGAINST THE MARION-CMU PROGRAM WHICH MUST NE ABOLISHED AS NOT AUTHORIZED BY CONGRESS OR THE LAWS OF THE UNITED STATES.

VI.    JURY DEMAND (*check one box below*)

The plaintiff ☒ does  ☐ does not request a trial by jury.


DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.


Signed     10.15.22
on:            (date)                                              Signature of Plaintiff

#02866-081, P.O. BOX 1000
MARION, IL 62959     Street Address                    Printed Name

MARION, IL  62959                                           #02866-081
City, State, Zip                                                 Prisoner Register Number


Signature of Attorney (if any)


Rev. 10/3/19

## IV.  STATEMENT OF CLAIM/CONTINUED

working part of this plan.  The United States Congress has not otherized psycholical or physical torture, denial of medical treatment, food, or otherwise to a Counter Terrorism Unit within the DOJ/FBOP.  There is no FBOP Policy that allows a FBOP staff member or CTU staff to punish an inmate in their cusotdy. There is no DOJ/FBOP Policy allowing prison rape or murder.  CMU and FBOP staff listed in this complaint have told the prisoner population that they have the authority to commission "immate correctional officers" to undertake the duties of correctional officers in their stead as well as "green lights" to kill or injure specified inmates staff want  retaliation upon.  These very act(s) has been undertaken on several occasions in the last (5) years regarding Defendant-KATHY S. HILL, KATHERINE N. SIEREVELD, NATHAN SIMPKINS, and the rest of the defendants in this matter.  AS A RESULT OF THE PSYCHOLOGICAL ABUSE AND TORTURE BEING INFLICTED BY DOJ/FBOP/CTU STAFF I AM IN IMMEDIATE DANGER BEING EXPOSED AND SUBJECTED TO SUCH CONDITIONS OF CONFINEMENT THAT ARE NOT AUTHORIZED BY THE LAWS OF THE UNITED STATES. THE CONDITIONS COMPLAINED ABOUT IN THIS COMPLAINT  ARE ONGOING AT THE PRESENT TIME.
END  ?? ?? ?? ??          // // // // // // //          // // // // ///



MONTGOMERY AKERS#02866081
P.O. BOX 1000 U.S. PENITENTIARY
MARION, IL  62959

⇔02866-081⇔
U S--- District Court
Office OF THE Clerk
301 W MAIN ST
Benton, IL 62812
United States

MAILED:  10.17.22

MAIL CLEARED
US MARSHALS

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT/SOUTHERN DISTRICT OF ILLINOIS
301 W. MAIN STREET
BENTON, IL  62812

628123i362 COO6



RECEIVED

OCT 2 4 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE