**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MONTGOMERY CARL AKERS, | ) | |
| #02866-081, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. 22-cv-02469-JPG |
| | ) | |
| DAN SPROUL, | ) | |
| A. McCAFFERY, | ) | |
| G. SOZA, | ) | |
| M. MOREHEAD, | ) | |
| NATHAN SIMPKINS, | ) | |
| KATHY S. HILL, | ) | |
| COUNTER TERRORISM UNIT, | ) | |
| J. YATES, | ) | |
| DOES 1-50, | ) | |
| and KATHERINE N. SIEREVELD, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Montgomery Carl Akers is an inmate in the custody of the Federal Bureau of

Prisons (FBOP) and is incarcerated at the United States Penitentiary in Marion, Illinois (USP-

Marion). Akers is currently subject to a filing restriction. *See Akers v. Roal, et al.*, App. No. 11-

3268 (7th Cir., entered April 24, 2012). He earned this sanction by filing three suits that were

dismissed for reasons set forth in 28 U.S.C. § 1915(g) and continuing to file additional prisoner

suits without paying the fees for them. *See Akers v. Roal, et al.*, Case No. 11-cv-00622-MJR (S.D.

Ill. Feb. 1, 2012) (listing "strikes"). On April 24, 2012, the Seventh Circuit imposed the following

filing restriction:

> Unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order
> forbidding further litigation. *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997).
> Accordingly, until Akers has paid in full all outstanding fees in the district court and in this

1

court, the clerks of all federal courts in this circuit will return unfiled any papers submitted either directly or indirectly by or on behalf of Akers. *Sloan v. Lesza*, 181 F.3d 857-59 (7th Cir. 1999). This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin*, 123 F.3d at 436-37, and *Support Systems Int'l Inc. v. Mack*, 45 F.3d 185, 186-87 (7th Cir. 1995) (per curiam).

*Akers v. Roal, et al.*, App. No. 11-3268 (7th Cir.). This restriction remains in effect.

Akers nevertheless continued his filing spree by bringing new actions in state and federal courts nationwide. In the past decade, he admits filing more than 150 cases in state and federal courts in 13 states. (*See* Doc. 1, p. 11). In a recent habeas action he filed in this District, Akers complained about the conditions of his confinement and alluded to torture and psychological punishment. *See Akers v. Simpkins*, Case No. 22-cv-02192-DWD (S.D. Ill. filed Sept. 20, 2022). The Court entered an initial order in the habeas action on September 21, 2022, indicating that Akers should bring any claims about the conditions of his confinement in a separate suit filed pursuant to 42 U.S.C. 1983 or *Bivens*:

> ORDER regarding Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). The Court has conducted a preliminary review of Petitioner's Petition. The Court notes that Petitioner makes two passing references to confinement conditions that include torture and psychological punishments. (Doc. 1, pg. 5). However, a petition for a writ of habeas corpus is an improper vehicle for bringing claims related to conditions of confinement or violations of rights. See *Annamalai v. Sproul*, Case. No. 22-144, 2022 WL 621997, *1 (S.D. Ill. March 3, 2022). Accordingly, to the extent that Petitioner seeks to raise such claims in the present case, the claims are **DISMISSED without prejudice**. Petitioner is advised that, if he desires to bring such claims, he must do so by filing a separate civil rights lawsuit under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). See *Grady v. Franke*, Case No. 20-01372, 2021 WL 638859, *1 (S.D. Ill. Jan. 4, 2021). To assist Petitioner in this manner, the Clerk is **DIRECTED** to send Petitioner a copy of this Order together with the forms for filing a civil rights action. The remainder of Petitioner's claims, as stated in the Petition, will be fully screened as soon as practicable.

(*See* Doc. 9).

The instant case was opened one month later, upon receipt of Akers' Complaint (Doc. 1), Motion for Leave to Proceed *in forma pauperis* (Doc. 2), and Motion for Recruitment of Counsel

(Doc. 3).  The Court has reviewed the Complaint and determined that it is not excepted from the filing restriction.  The Seventh Circuit limited all further litigation by Akers in this Circuit, but carved out an exception for habeas actions and papers filed in criminal cases.  *Akers v. Roal, et al.*, App. No. 11-3268 (7th Cir. April 24, 2012).  The Seventh Circuit's filing restriction does not authorize civil complaints challenging the *conditions* of his confinement.

The Complaint focuses exclusively on Akers' conditions of confinement.  (Doc. 1, pp. 8, 10).  Akers challenges his placement in USP-Marion's Communications Management Unit, where he has allegedly been tortured since 2010.  (*Id.*).  Akers states that FBOP officials have destroyed his community contacts, interfered with his mail, denied him medical / dental care, and issued him false disciplinary tickets.  (*Id.*).  He offers few details.  (*Id.*).  Akers states that in 2019, two officials "tried to orchestrate a rape of [Akers] and hav[e] his eyes put out when he was asleep."  (*Id.* at 8).  However, he offers no other information about this incident that allegedly occurred three years ago.  (*Id.*).  Akers adds that as recently as October 5, 2022, the defendants conspired to have him seriously injured or killed.  (*Id.* at 8, 10).  He offers no other information about this more recent incident.  (*Id.*).  The Complaint does not articulate a claim against any person and would not survive review under 28 U.S.C. § 1915A, but the Court need not go this far.

The Complaint and related papers fall squarely within the confines of the filing restriction.  The Court's Order in *Akers v. Simpkins*, Case No. 22-cv-02192-DWD (S.D. Ill.), does not alter the scope, duration, or impact of the filing restriction.  In fact, the filing restriction was not before the Court for consideration in the habeas action.  Under the circumstances, the filing restriction remains in effect, and the Complaint (Doc. 1) will be **DISMISSED.**

**Pending Motions**

The Motion for Leave to Proceed *in forma pauperis* (Doc. 2) shall also be denied.  Under 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).  In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  The IFP Motion satisfies these formal requirements. (Doc. 2).

Akers is nevertheless barred from proceeding IFP under 28 U.S.C. § 1915(g). Section 1915(g) prohibits a prisoner from bringing a civil action or appealing a civil judgment IFP, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  *See* 28 U.S.C. § 1915(g).  Akers is subject to the three-strikes bar to IFP status because he "struck out" before filing this action.  *See Akers v. Roal, et al.*, Case No. 11-cv-00622-MJR (S.D. Ill. Feb. 1, 2012) (listing "strikes").

Under the circumstances, Akers cannot proceed IFP unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  "[I]mminent danger" within the meaning of Section 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner.  *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir.

4

2002)).   Courts typically deny leave to proceed IFP if allegations of imminent danger are conclusory or ridiculous.  *Ciarpaglini*, 352 F.3d at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).   Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).  Akers' assertions of imminent danger are vague, conclusory, and remote in time.  They describe no impending harm necessary to overcome the three-strikes bar to litigation under Section 1915(g).  Accordingly, the IFP Motion will be **DENIED**, and the Motion for Recruitment of Counsel will be **DISMISSED** as **MOOT.**

### Disposition

**IT IS ORDERED** that the Complaint (Doc 1) is **DISMISSED** without prejudice because it does not represent an exception to the filing restriction that remains in effect against Plaintiff Montgomery Carl Akers in *Akers v. Roal, et al.*, App. No. 11-3268 (7th Cir. April 24, 2012).

**IT IS ORDERED** that the Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **DENIED**, *see* 28 U.S.C. § 1915(g), and the Motion for Recruitment of Counsel (Doc. 3) is **DISMISSED** as **MOOT**.

Akers is **REMINDED** that as long as the filing restriction remains in effect, the Clerk of Court will return unfiled any papers submitted to this Court in violation of the restriction.  To deter future similar misconduct, Akers stands **WARNED** that he shall be subject to increasingly harsh sanctions, including but not limited to monetary fines, for further attempts to avoid the filing ban.

The Clerk's Office is directed to **ENTER** Judgment and **CLOSE** this case.

**IT IS SO ORDERED.**

DATED:  November 10, 2022

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**United States District Judge**
